**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                                                          **15-CR-143-V**

        **-v-**

**RASHAWN CRULE,**

        **Defendant.**
_____

# DECISION AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions. Dkt. No. 55.

Defendant Rashawn Crule is charged in the Second Superseding Indictment with conspiring to possess with intent to distribute heroin, fentanyl, and cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; possessing with intent to distribute and distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C); possessing heroin and fentanyl and cocaine base and cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 841(b)(1)(C); maintaining a drug involved premises in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2; possession of a firearm in furtherance of drug trafficking crimes in violation of 18 U.S.C. §924(c)(1)(A)(i); and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2. Dkt. No. 217. Mr. Crule filed an omnibus motion seeking production and disclosure of information including a bill of particulars

(Dkt. No. 191),[1] which the government opposed (Dkt. Nos. 287). I heard oral argument on November 1, 2017, at which time I denied as moot Mr. Crule's omnibus demands but reserved on his request for a bill of particulars. Minute Entry for 11/1/2017.

**DISCUSSION AND ANALYSIS**

**Defendant's Demand for a Bill of Particulars**

Mr. Crule moves pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure for a bill of particulars. Dkt. No. 191, p. 2. Under Rule 7(f), a defendant may request a bill of particulars "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky,* 820 F.2d 572, 574 (2d Cir. 1987).

A bill of particulars "should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense." *United States v. Henry,* 861 F.Supp. 1190, 1197 (S.D.N.Y. 1994). Rather, "[a] bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Walsh,* 194 F.3d 37, 47 (2d Cir. 1999).

---

[1] Mr. Crule's request for relief appears on the docket as "Affirmation by Rashawn Crule." Dkt. No. 191.

Defendant bears the burden to show that "non-disclosure of the requested particulars would lead to prejudicial surprise at trial or would adversely affect defendant's rights." *United States v. Duarte,* No. 13-CR-204A, 2014 WL 29366, at *1 (W.D.N.Y. Jan. 3, 2014) (Scott, M.J.); *United States v. Jones*, No. 13-CR-193A, 2014 WL 2800780, at *3 (W.D.N.Y. June 19, 2014) (McCarthy, M.J.). "In deciding a motion for a bill of particulars, the important question is whether the information sought is necessary, not whether it is helpful." *United States v. Conley,* No. 00-CR-816 DAB, 2002 WL 252766, at *4 (S.D.N.Y. Feb. 21, 2002). The court has largely unfettered discretion to deny a bill of particulars, *United States v. Panza,* 750 F.2d 1141, 1148 (2d Cir. 1984), especially where the information sought by the defendant is disclosed in the the indictment, pretrial discovery, or in some other form. *United States v. Barnes,* 158 F.3d 662, 665 (2d Cir. 1998); *see also United States v. Messina,* No. 11-CR-31(KAM), 2012 WL 463973, at *10 (E.D.N.Y. Feb. 13, 2012) (stating that "[i]n determining whether a defendant has shown such necessity, the trial court must examine the totality of the information available to the defendant, including the indictment and general pre-trial discovery").

Mr. Crule argues generally that this Court should exercise its discretion to direct the government to file a bill of particulars. Dkt. No. 191, p. 2. He offers no reasons why further particularization is necessary in his case. The government contends that the indictment is sufficiently clear to allow Mr. Crule to identify the nature of the charges against him, that it has disclosed all of the relevant, required discovery, and therefore, that a bill of particulars is not necessary. Dkt. No. 287, pp. 4-5. It contends that the indictment and the "plethora of evidence" already disclosed provide "a

3

virtual roadmap" for navigating his case. Dkt. No. 287, p. 5. In this matter, I agree with the government. "A bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means." *United States v. Calvente,* No. S3 12-CR-732, 2013 WL 4038952, at *2 (S.D.N.Y. July 26, 2013).

Moreover, I find that some information that Mr. Crule seeks is not the proper subject of a bill of particulars. For example, regarding the charged conspiracy, Mr. Crule seeks details such as "the precise date . . . . [on] which it is alleged that Mr. Crule became a member of the conspiracy," "the location for the alleged cocaine that was located," "the names of the alleged purchasers from the premises," and "the exact date, time, and place Mr. Crule allegedly possessed a firearm." Dkt. No. 191, pp. 2-5. However, "[a] bill of particulars is not properly ordered to advise a defendant of the 'whens,' 'wheres,' and 'with whoms' of the charged conspiracy." *Calvente,* 2013 WL 4038952 at *1; *Jones*, 2014 WL 2800780, at *4. Nor is a bill of particulars meant to identify the government's evidence and witnesses for the defense. *Henry,* 861 F.Supp. at 1197. For these reasons, Mr. Crule's request for a bill of particulars (Dkt. No. 191) is denied.

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with Federal Rule of Criminal Procedure 59 and Local Rule of Criminal Procedure 59.

The parties are reminded that, pursuant to Rule 59 of the Local Rules of Criminal Procedure for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection, and shall be supported by legal authority." **Failure to comply with the provisions of Local Rule 59 may result in the District Judge's refusal to consider the objection.**

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988). Local Rule 59(c)(3) mandates that "[a]ny party filing objections to a Magistrate Judge's order or recommended disposition must include with the objections to the District Judge a written statement

either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge."

**SO ORDERED.**

DATED:   November 8, 2017
         Buffalo, New York

                                          *S/ H. Kenneth Schroeder, Jr.*
                                          **H. KENNETH SCHROEDER, JR.**
                                          **United States Magistrate Judge**