**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                                                                         **15-CR-143-V**

      -v-

**RASHAWN CRULE,**

               **Defendant.**
_____

## REPORT, RECOMMENDATION, AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions. Dkt. No. 55.

Defendant Rashawn Crule is charged in the Second Superseding Indictment with conspiring to distribute heroin, fentanyl, and cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(a), and 841(b)(1)(C); conspiring to possess with intent to distribute heroin, fentanyl, cocaine, and cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(c), and 841(b)(1)(B); maintaining a drug involved premises in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2; possession of a firearm in furtherance of drug trafficking crimes in violation of 18 U.S.C. §924(c)(1)(i); and being a felon in possession of a firearm in violation of 18 U.S.C. § 924(a)(2). Dkt. No. 217.

On April 25, 2017, Mr. Crule filed a motion seeking to suppress "statements allegedly made by defendant." Dkt. No. 191, p. 23.[1] The motion fails to identify which statements he seeks to suppress or the circumstances under which they were made. Generally, he contends that he has been provided with "two typed police reports of a statement allegedly made by the defendant, Rashawn Crule." Dkt. No. 191, p. 23. Without citing any facts or law, defense counsel argues generally that "[u]pon information and belief," the statements were "involuntary in violation of Mr. Crule's right against self-incrimination, taken prior to the proper administration of adequate Miranda warnings; were taken in the absence of a knowing, voluntary and/or intelligent waiver [of] Mr. Crule's rights, including the right to counsel prior to questioning; and were otherwise in violation of Mr. Crule's rights under the United States Constitution." Dkt. No. 191, p. 23.

For its part, the government contends that Mr. Crule "has not particularized what evidence he seeks to suppress . . . [,] has not provided any affidavit of fact," and therefore, his motion to suppress should be denied. Dkt. No. 287, pp. 16-17.

A defendant seeking to suppress evidence bears the burden of showing that disputed issues of material fact exist. *United States v. Pena*, 961 F.2d 333, 338 (2d Cir.1992). I find that defendant's suppression motion falls far short of the "sufficiently definite, specific and non-conjectural" statement which would necessitate an evidentiary

---

[1] Mr. Crule's request for relief appears on the docket as "Affirmation by Rashawn Crule." Dkt. No. 191.

hearing. *United States v.* Watson, 404 F.3d 163, 167 (2d Cir. 2005); *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992) (internal citations omitted). Mr. Crule has not submitted an affidavit – other than that of his attorney – which sets forth the facts under which defendant was questioned. An attorney affidavit containing no factual details is insufficient to raise any dispute as to whether Mr. Crule was Mirandized, questioned, coerced into making a statement, or denied his right to counsel. *See United States v. Gillette*, 383 F.2d 843, 848 (2d Cir. 1967) (holding that an attorney affidavit that does not allege personal knowledge on the part of a defendant's attorney does not raise a dispute as to a factual issue which requires a hearing). For these reasons, I find that no hearing is warranted and recommend that Mr. Crule's motion to suppress be denied.

## **CONCLUSION**

For the foregoing reasons, it is RECOMMENDED that defendant's motion to suppress (Dkt. No. 191) be DENIED.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation, and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with Federal Rule of Criminal Procedure 59(b)(2) and Local Rule of Criminal Procedure 59(c)(2).

The parties are reminded that, pursuant to Rule 59 of the Local Rules of Criminal Procedure for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection, and shall be supported by legal authority." **Failure to comply with the provisions of Local Rule 59 may result in the District Judge's refusal to consider the objection.**

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988). Local Rule 59(c)(3) mandates that "[a]ny party filing objections to a Magistrate Judge's order or recommended disposition must include with the objections to the District Judge a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge."

**SO ORDERED.**

DATED:    Buffalo, New York
             November 8, 2017

                                      *s/ H. Kenneth Schroeder, Jr.*
                                      **H. KENNETH SCHROEDER, JR.**
                                      **United States Magistrate Judge**